AO 91 (Rev. 02/09) Criminal Complaint

# United States District Court
for the
Western District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 22-MJ- 4086 |
| DAVID G. JAKUBONIS<br>*Defendant* | |

### CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about July 21, 2022, in the Western District of New York, **DAVID G. JAKUBONIS**, did willfully assault Congressman Lee Zeldin, a Member of Congress, and the assault involved the use of a dangerous weapon, all in violation of Title 18, United States Code, Section 351(e).

This Criminal Complaint is based on these facts:

☒ Continued on the attached sheet.

*Complainant's signature*

TIMOTHY J. KLAPEC
Special Agent, Federal Bureau of Investigation
*Printed name and title*

Affidavit and Criminal Complaint submitted electronically by email in .pdf format. Oath administered, and contents and signature, attested to me as true and accurate telephonically pursuant to Fed.R.Crim. P. 4.1 and 4(d) on:

Date: July 23, 2022

City and State: Rochester, New York

*Judge's signature*

HONORABLE MARIAN W. PAYSON
United States Magistrate Judge, WDNY
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

State of New York    )
County of Monroe   )    ss:                                    22-MJ- 4086
City of Rochester     )

**TIMOTHY J. KLAPEC**, being duly sworn, deposes and says:

### INTRODUCTION

1. I am a Special Agent with the Federal Bureau of Investigation (FBI), and have served in this capacity for over 17 years. I am currently assigned to the Joint Terrorism Task Force (JTTF), Buffalo Division, in Rochester, New York. At the JTTF, I work with a team of federal, state, and local law enforcement agents and officers on investigations relating to domestic and international terrorism.

2. I make this affidavit in support of a criminal complaint charging DAVID G. JAKUBONIS with assaulting a Member of Congress with a dangerous weapon, in violation of 18 U.S.C. § 351(e).

3. The statements contained in this affidavit are based upon information provided to me by members of the Monroe County Sheriff's Office (MCSO), a review of a video recording of the relevant events, and my investigation and experience as an FBI Special Agent. Because this affidavit is being submitted for the limited purpose of obtaining a criminal complaint, I have not included each and every fact known to me concerning this investigation. I have set forth facts that I believe are necessary to establish probable cause to believe that JAKUBONIS has committed the offense alleged in the complaint.

## RELEVANT STATUTE

4.  Title 18, United States Code, Section 351(e) makes it a federal crime to willfully assault a Member of Congress. Section 351(e) provides for an increased penalty where the assault involves the use of a dangerous weapon. To prove a violation of section 351(e), the government is not required to prove that the defendant knew that the victim of the assault was a Member of Congress. 18 U.S.C. § 351(h).

## FACTS ESTABLISHING PROBABLE CAUSE

5.  Congressman Lee Zeldin is a representative from the 1st Congressional District in New York. He is currently a Republican candidate for Governor of the State of New York.

6.  On July 21, 2022, Congressman Zeldin attended a gubernatorial campaign event in Perinton, New York. During the event, he gave a speech from the bed of a flatbed trailer. At one point during the speech, DAVID G. JAKUBONIS walked onto the trailer, approached Congressman Zeldin, and grabbed Congressman Zeldin's right arm. JAKUBONIS raised his right hand, in which he held a keychain with two sharp points facing outward, toward Congressman Zeldin. Congressman Zeldin grabbed JAKUBONIS's left arm and JAKUBONIS pulled on Congressman Zeldin's right arm. Bystanders intervened and JAKUBONIS pulled Congressman Zeldin down onto the bed of the trailer. During the assault, JAKUBONIS stated several times, "you're done." Below are still photographs taken from a video recording, which depict JAKUBONIS holding and pulling Congressman Zeldin's arm and extending the pointed keychain toward Congressman Zeldin.

2





7. After JAKUBONIS was subdued, MCSO deputies arrested him and seized the keychain from JAKUBONIS. Below is a photograph of JAKUBONIS at the time of his arrest and the keychain that was recovered from him.

3



8.  MCSO investigators subsequently interviewed JAKUBONIS. Before the interview, an MCSO investigator read JAKUBONIS his *Miranda* rights. JAKUBONIS stated that he understood his rights and agreed to waive his rights and speak with investigators. During the interview, JAKUBONIS stated, among other things, that he was previously in the United States Army and served one tour during the Iraq war; that he drank whiskey on the day of the incident; that he walked up onstage at the event and asked the speaker if he was disrespecting veterans; that he had a self-defense key chain when he went up onstage; and that he did not know who the speaker was or that the speaker was a political person. When shown a video of the incident, JAKUBONIS stated, in sum and substance, that what was depicted in the video was disgusting and that he "must have checked out."

## CONCLUSION

9. Based on the foregoing, there is probable cause to believe that DAVID G. JAKUBONIS did willfully assault Congressman Lee Zeldin, a Member of Congress, and the offense involved the use of a dangerous weapon, in violation of 18 U.S.C. § 351(e).

*TIMOTHY J. KLAPEC*
Special Agent
Federal Bureau of Investigation

Application submitted electronically by email in .pdf format. Oath administered and contents and signature attested to me as true and accurate telephonically pursuant to Fed. R. Crim. P. 4.1 and 41(d)(3) on July 23, 2022.

*Marian W. Payson*
HONORABLE MARIAN W. PAYSON
United States Magistrate Judge
Western District of New York

5