IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.                                                                                  22-MJ-4086-MWP

DAVID G. JAKUBONIS,

        Defendant.

## PLEA AGREEMENT

The defendant, DAVID G. JAKUBONIS, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I.  THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to plead guilty to a one-count Information which charges a violation of Title 18, United States Code, Section 351(e) (assaulting a federal official), for which the maximum possible sentence is a term of imprisonment of 1 year, a fine of $100,000, a mandatory $25 special assessment, and a term of supervised release of 1 year. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2. The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 1 year, without credit for time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of

supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

## II.   ELEMENTS AND FACTUAL BASIS

3.   The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime: First, that the defendant willfully assaulted another person, and Second, that the victim was a federal official that was covered by the statute, namely, a Member of the United States Congress. To prove this offense, the government is not required to prove that the defendant knew the victim of the assault was a Member of Congress. 18 U.S.C. § 351(h).

## FACTUAL BASIS

4.   The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

   a.   On July 21, 2022, Lee Zeldin was a Member of the United States Congress, representing New York State's 1st Congressional District.

   b.   On July 21, 2022, Congressman Zeldin attended a campaign event in Perinton, New York. During the event, Congressman Zeldin gave a speech from the bed of a flatbed trailer. During the speech, the defendant, DAVID G. JAKUBONIS, walked onto the trailer, approached Congressman Zeldin, and grabbed Congressman Zeldin's right arm. The defendant raised his right hand, in which he held a self-defense keychain with two sharp points facing outward, towards Congressman Zeldin. Congressman Zeldin grabbed the defendant's left arm, and the defendant pulled on Congressman Zeldin's right arm. Bystanders intervened and the defendant pulled Congressman Zeldin down onto the bed of the trailer. During the assault, the defendant several times stated, "you're done." The defendant was then arrested by members of law enforcement.

### III. SENTENCING GUIDELINES

5. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

6. The government and the defendant agree that Guidelines § 2A2.3(a)(1) applies to the offense of conviction and provides for a base offense level of 7.

### U.S.S.G. CHAPTER 3 ADJUSTMENTS

7. The government and the defendant agree that no Chapter 3 adjustments apply.

### ADJUSTED OFFENSE LEVEL

8. Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is 7.

### ACCEPTANCE OF RESPONSIBILITY

9. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level decrease of Guidelines § 3E1.1(a) (acceptance of responsibility), which would result in a total offense level of 5.

### CRIMINAL HISTORY CATEGORY

10. It is the understanding of the government and the defendant that the defendant's criminal history category is I. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the

defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS, AND IMPACT

11.  It is the understanding of the government and the defendant that, with a total offense level of 5 and criminal history category of I, the defendant's sentencing range would be a term of imprisonment of 0 to 6 months, a fine of $500 to $9,500, and a period of supervised release of 1 year. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in ¶ 1 of this agreement.

12.  Notwithstanding the above calculations, it is the agreement of the parties pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure that the Court at the time of sentence impose a three-year term of probation as part of the appropriate sentence in this case. If, after reviewing the presentence report, the Court rejects this agreement, the parties will be relieved of their other obligations under this agreement and the defendant shall then be afforded the opportunity to withdraw the plea of guilty. If, after reviewing the presentence report, the Court rejects this agreement, the government may move to vacate the plea agreement. If the government moves to vacate the agreement, the defendant's plea shall be deemed withdrawn. This agreement does not affect the amount of a fine or the terms of probation that may be imposed by the Court at sentencing.

13.  The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or recommend a sentence outside the Guidelines, except as specifically set forth in this

agreement. A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations. A breach of this paragraph by the defendant shall also relieve the government from any agreements to dismiss or not pursue additional charges.

14. The defendant understands that except as set forth in ¶ 12, above, the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

15. In the event that the Court contemplates any Guidelines adjustments, departures, or calculations different from those agreed to by the parties above, the parties reserve the right to answer any inquiries by the Court concerning the same.

### IV. STATUTE OF LIMITATIONS

16. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V. REMOVAL

17. The defendant represents that he is a citizen of the United States. However, if the defendant is not a citizen of the United States, the defendant understands that, if convicted, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## V. GOVERNMENT RIGHTS AND OBLIGATIONS

18. The defendant understands that the government has reserved the right to:

   a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

   b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

   c. advocate for a specific sentence consistent with the terms of this agreement including the amount of a fine and the method of payment; and

   d. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor.

19. At sentencing, the government will move to dismiss the Criminal Complaint pending against the defendant under Magistrate Case No. 22-MJ-4086.

20. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VI. APPEAL RIGHTS

21. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which contains a three-year term of probation and/or is within or less than a sentence of imprisonment of 0 to 6 months, a fine of $500 to $9,500, and a term of supervised release of 1 year, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

22. The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

23. The government waives its right to appeal any component of a sentence imposed by the Court which contains a three-year term of probation and/or is within or greater than a sentence of imprisonment of 0 to 6 months, a fine of $500 to $9,500, and a term of supervised release of 1 year, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the

defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VII.  TOTAL AGREEMENT AND AFFIRMATIONS

24.  This plea agreement represents the total agreement between the defendant, **DAVID G. JAKUBONIS**, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

> TRINI E. ROSS
> United States Attorney
> Western District of New York
>
> BY: _____
> SEAN C. ELDRIDGE
> Assistant United States Attorney
>
> Dated: September 27, 2023

I have read this agreement, which consists of pages 1 through 8. I have had a full opportunity to discuss this agreement with my attorney, John L. DeMarco, Esq. I agree that it represents the total agreement reached between me and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____
DAVID G. JAKUBONIS
Defendant

Dated: September 27, 2023

_____
JOHN L. DEMARCO, ESQ.
Attorney for the Defendant

Dated: September 27, 2023

8